Michael D. Braun (SBN 167416)
**KUZYK LAW, LLP**
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone:  (213) 401-4100
Facsimile:   (213) 401-0311
Email:  mdb@kuzykclassactions.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MIGUEL RODRIGUEZ on behalf of himself and all others similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**EQUILON ENTERPRISES LLC, dba SHELL OIL PRODUCTS US, a Delaware Limited Liability Company**<br><br>**Defendant** | **CASE NO.:** '24CV0075 CAB DEB<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY, AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Miguel Rodriguez ("Plaintiff"), individually and on behalf of himself and all others similarly situated, brings this class action against Defendant Equilon. Enterprises LLC, dba Shell Oil Products US, a Delaware Limited Liability Company, ("Shell" or "Defendant") and on the basis of personal knowledge, information and belief, and the investigation of counsel, alleges as follows:

## **INTRODUCTION**

1.      This is a proposed class action on behalf of a California class of consumers seeking redress for Defendant's deceptive practices associated with the use of Shell branded gift Cards ("Gift Cards" or "Product").





2.     This Complaint arises from Defendant's failure to comply with Civil Code, §1749.5(b)(1), which requires that any gift certificate sold after January 1, 1997, is redeemable in cash for its cash value.

3.     Shell gas stations offer gasoline at two prices – a credit card price, and a cheaper cash price.

COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY, AND INJUNCTIVE RELIEF

4.     Despite being the equivalent of cash, Shell failed to provide consumers using Shell Gift Cards the cash price for gasoline purchases, and instead routinely charged the higher credit card price.

5.     Defendant's failure to maintain a policy and/or practice of complying with Civil Code §1749.5(b)(1) is in violation of the law.

6.     Specifically, Plaintiff alleges Defendant's conduct violates Civil Code §1749.5(b)(1), California's Business and Professions Code § 17200, *et. seq.,* California Civil Code § 1750, *et seq*., and is otherwise grounds for restitution on the basis of quasi-contract/unjust enrichment.

## JURISDICTION AND VENUE

7.     Jurisdiction of this Court is proper under 28 U.S.C. § 1332(d)(2). Plaintiff Rodriguez is a resident of San Diego, California. Defendant Equilon. Enterprises LLC, is incorporated in Delaware and maintains its principal place of business in Houston, Texas. Diversity jurisdiction exists as the amount in controversy exceeds $5,000,000 for the Plaintiff and members of the Class collectively, exclusive of interest and costs, by virtue of the combined purchase prices paid by Plaintiff and members of the putative Class, and the profits reaped by Defendant from their transactions with Plaintiff and the Class, as a direct and proximate result of the wrongful conduct alleged herein, and by virtue of the injunctive and equitable relief sought.

8.     Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the underlying transactions and events complained of occurred and affected persons and entities located in this judicial district, and Defendant has received substantial compensation from such transactions and business activity in this judicial district.

## **PARTIES**

9.      Plaintiff Miguel Rodriguez is a resident of San Diego, California.

10.     Mr. Rodriguez purchased and was gifted several Shell Gift Cards during the applicable Class Periods (defined *infra*) which he used to pay for gasoline at various Shell gas stations in San Diego including, but not limited to, those located at 3150 Adams Avenue, San Diego, CA 92116,  5465 Mission Center Road, San Diego, CA 92108 and 6936 Linda Vista Road, San Diego, CA 92116.

11.     Mr. Rodriguez purchased gasoline using Shell Gift Cards both directly at the pump and vis-à-vis a gas station attendant. In all instances he was charged the credit card rate instead of the cash rate when transacting for gasoline using his Shell Gift Card.

12.     Mr. Rodriguez purchased Gift Cards believing they were the equivalent of cash and that he would be entitled to receive the cash price for gasoline sold at Shell gas stations.

13.     Mr. Rodriguez was injured in fact and lost money as a result of Defendant's improper conduct.

14.     Mr. Rodriguez maintains all rights to the subject Gift Cards and/or was assigned all rights to the Gift Cards and the rights and obligations that flow from the possession and use of the Gift Cards.

15.     Defendant Equilon Enterprises LLC, dba Shell Oil Products US, operates as a subsidiary of Shell Oil Company. It is a Delaware company headquartered in Houston, Texas. It offers refining, marketing, and transportation services for gasoline and other petroleum products. It also operates a network of gasoline stations in the United States.

16.     On information and belief, this Defendant has ultimate responsibility for the establishment of rules, regulations, operations and practices attendant to the issuance and redemption of its Gift Cards in the state of California including those

bearing Defendant's brand or mark and issued or redeemed by any other person or entity.

## GENERAL ALLEGATIONS

17. Shell refines and markets gasoline and other petroleum products under the Shell brand name, selling over 1 billion gallons of gas in more than 1100 gas stations located across approximately 450 cities throughout the state of California.[1]

18. The sale of gasoline is highly competitive. Profit margins are relatively slim and stations principally compete on the gas prices offered to consumers.

19. In the ultra-competitive gasoline market, where up to four competing stations are often found at a single intersection, a price difference of just a few cents can drive motorists from one station to another.

20. Split pricing is one method by which Shell helps generate additional sales and revenue from its gas stations.

21. Split pricing is a two-tiered pricing program that offers gasoline for sale at a "credit" price and a lower "cash" price.

22. Split Pricing generates additional sales and revenues by encouraging cost-conscious consumers to seek out Shell stations in order take advantage of the lower price for using a payment method other than a credit card.

23. Despite selling a Gift Card that, by law, is the equivalent of cash, Shell fails to honor the cash rate when using the Shell Gift Card to purchase gasoline.

24. Consumers may use the Shell Gift Card to purchase gas either directly at the pump or via-a-vis an attendant at the point of sale. In neither scenario can the Shell Gift Card be used to purchase gasoline at the cash rate.

---

[1] https://www.scrapehero.com/location-reports/top-gas-stations-in-california-usa/#:~:text=by%20clicking%20below.-,Shell,Shell%20in%20the%20United%20States. (last visited January 10, 2023)

25.     Defendants knowingly charge consumers the credit rate rather than the cash rate whenever consumers use a Shell Gift Card.

26.     Shell's pricing scheme is false, deceptive, and misleading to reasonable consumers who purchase gasoline with a Shell Gift Card because, contrary to the expectations of reasonable consumers, Shell treats Gift Cards like credit cards, charging unsuspecting consumers the higher "credit" price rather than the advertised "cash" price.

27.     Shell's deceptive scheme is in contravention of the law and has cumulatively resulted in millions of dollars of damage to California consumers.

28.     Plaintiff and members of the Class suffered actual damages in the amount of the difference between the credit card price per gallon consumers paid versus the cash price they should have paid when using a Shell Gift Card.

## CLASS ACTION ALLEGATIONS

29.     Plaintiff brings this action on behalf of himself and on behalf of a class of all others similarly situated consumers defined as follows:

    a.  **California** All persons who paid for Shell-branded gasoline with a Shell Gift Card in the State of California and who were charged a "credit" price in lieu of the "cash" price during the applicable Class Period.

    b.  **Class Period** is the maximum time allowable as determined by the statute of limitation periods accompanying each cause of action.

30.     Plaintiff brings this Class pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(1), 23(b)(2), 23(b)(3) and 23(b)(4).

31.     Excluded from the Class are: (i) Defendant and their employees, principals, affiliated entities, legal representatives, successors and assigns; and (ii) the judges to whom this action is assigned.

32.     Upon information and belief, there are tens of thousands of members of the Class. Therefore, individual joinder of all members of the Class would be impracticable.

33.     There is a well-defined community of interest in the questions of law and fact affecting the parties represented in this action.

34.     Common questions of law or fact exist as to all members of the Class. These questions predominate over the questions affecting only individual Class members. These common legal or factual questions include but are not limited to:

a.  Whether Defendant marketed or sold the Class Products to Plaintiff and those similarly situated using false, misleading, or deceptive statements or representations;

b.  Whether Defendant omitted or misrepresented material facts in connection with the sales of its Products;

c.   Whether Defendant participated in and pursued the common course of conduct complained of herein;

d.  Whether Defendant has been unjustly enriched as a result of its unlawful business practices;

e.  Whether Defendant's actions violate the Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL");

f.   Whether Defendant's actions violate the California Gift Card Law, Cal. Civ. Code § 1749.5 *et seq.*;

g.  Whether Defendant's actions violate the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (the "CLRA");

h.  Whether Defendant should be enjoined from continuing the above-described practices;

i.   Whether Plaintiff and members of the Class are entitled to declaratory relief; and

j.   Whether Defendant should be required to make restitution, disgorge profits, reimburse losses, and pay damages as a result of the above-described practices.

35.   Plaintiff's claims are typical of the claims of the Class, in that Plaintiff was a consumer who purchased and/or received Defendant's Product. Plaintiff is no different in any relevant respect from any other Class member who purchased and/or received the Products, and the relief sought is common to the Class.

36.   Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class he seeks to represent, and he has retained counsel competent and experienced in conducting complex class action litigation. Plaintiff and his counsel will adequately protect the interests of the Class.

37.   A class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by each individual Class member likely will be relatively small especially given the expense of individual prosecution of complex litigation necessitated by Defendant's conduct. Thus, it would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Moreover, even if members of the Class could afford individual actions, it would still not be preferable to class-wide litigation. Individualized actions present the potential for inconsistent or contradictory judgments. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

38.   In the alternative, the Class may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate preliminary and final equitable relief with respect to each Class.

39.   The requirements for maintaining a class action pursuant to Rule 23(b)(2) are also met, as Defendant has acted or refused to act on grounds generally applicable

to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
### (Violation of Civil Code § 1749.5)

40.     Plaintiff incorporates each and every allegation contained in the paragraphs above as if rewritten herein.

41.     Pursuant to Civil Code §1749.5(b)(1), "Any gift certificate sold after January 1, 1997, is redeemable in cash for its cash value…."

42.     Plaintiff owned and possessed a Shell Gift Card which he used to pay for gasoline at Shell gasoline stations. Shell offered split pricing, wherein the "cash price" was materially less than the credit card price.

43.     Despite using a Shell gift card which, by law, was to be treated as the equivalent of cash and redeemed for cash value, he was charged the higher credit card price for gasoline.

44.     Defendant was and is required by law to redeem Plaintiff s gift card for cash. This obligation operates by force of law Civil Code §1749.5(b)(1). Moreover, "[a]ny waiver of the provisions of this title is contrary to public policy, and is void and unenforceable."  Civil Code §1749.51.

45.     Through its acts and practices, Defendant has violated Civil Code §1749.5(b)(1) and, upon information and belief, continues to violate this Section by failing to provide consumers using Shell Gift Cards the cash rate for their gasoline purchases.

46.     Plaintiff and all others similarly situated have suffered damages and will continue to suffer damages as a result.

47.     Plaintiff seeks a public-wide injunction requiring Defendant to comply with California's gift card laws, specifically to treat such Gift Cards as cash equivalents in the purchase of gasoline at Shell gas stations.

48.     Plaintiff seeks attorneys' fees and costs of suit as authorized by statute. Plaintiff seeks a determination that Plaintiff is the prevailing party; and any other and further relief the Court may deem proper.

## SECOND CAUSE OF ACTION
### ("Unlawful" Business Practices in Violation of
### The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*)

49.     Plaintiff incorporates each and every allegation contained in the paragraphs above as if rewritten herein.

50.     The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code § 17200.

51.     A business act or practice is "unlawful" if it violates any established state or federal law.

52.     Defendant's acts, omissions, misrepresentations, practices, and/or non-disclosures concerning the Products alleged herein, constitute "unlawful" business acts and practices in that they violate the Civil Code §1749.5(b)(1).

53.     Defendant violated and continues to violate Civil Code §1749.5(b)(1) and hence has also violated and continues to violate the "unlawful" prong of the UCL through the false labeling of its Product.

54.     By committing the unlawful acts and practices alleged above, Defendant has engaged, and continues to be engaged, in unlawful business practices within the meaning of California Business and Professions Code §§ 17200, *et seq.*

55.     Through its unlawful acts and practices, Defendant has obtained, and continues to unfairly obtain, money from members of the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and all members of the Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from continuing to violate the Unfair Competition Law or

violating it in the same fashion in the future. Otherwise, the Class may be irreparably harmed and denied an effective and complete remedy if such an order is not granted.

### THIRD CAUSE OF ACTION
**("Unfair" Business Practices in Violation of
The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq*.)**

56.   Plaintiff incorporates each and every allegation contained in the paragraphs above as if rewritten herein.

57.   The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code § 17200.

58.   A business act or practice is "unfair" under the Unfair Competition Law if the reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the harm to the alleged victims.

59.   Defendant has violated, and continues to violate, the "unfair" prong of the UCL through its misleading description of the Products. The gravity of the harm to members of the Class resulting from such unfair acts and practices outweighs any conceivable reasons, justifications, or motives of Defendant for engaging in such deceptive acts and practices. By committing the acts and practices alleged above, Defendant had engaged, and continued to engage, in unfair business practices within the meaning of California Business and Professions Code §§ 17200, *et seq*.

60.   Through its unfair acts and practices, Defendant obtained, and continued to unfairly obtain, money from members of the Class. As such, Plaintiff has been injured and requests that this Court cause Defendant to restore this money to Plaintiff and the members of the Class, to disgorge the profits Defendant had made on their Products, and to enjoin Defendant from continuing to violate the Unfair Competition Law or violating it in the same fashion in the future. Otherwise, the Class may be irreparably harmed and denied an effective and complete remedy if such an Order is not granted.

## FOURTH CAUSE OF ACTION
### ("Fraudulent" Business Practices in Violation of
### The Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.*)

61.    Plaintiff incorporates each and every allegation contained in the paragraphs above as if rewritten herein.

62.    The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. & Prof. Code §17200.

63.    A business act or practice is "fraudulent" under the Unfair Competition Law if it actually deceives or is likely to deceive members of the consuming public.

64.    Defendant's acts and practices of charging the credit card price on Gift Card gas transactions despite its legal obligation to treat such transactions as if it were cash, is a fraudulent practice under the UCL.

65.    As a result of the conduct described above, Defendant has been, and will continue to be, unjustly enriched at the expense of Plaintiff and members of the proposed Class. Specifically, Defendant has been unjustly enriched by the profits they have obtained from Plaintiff and the Class from the purchase and subsequent use of their Gift Cards.

66.    Through its fraudulent acts and practices, Defendant has improperly obtained, and continues to improperly obtain, money from members of the Class. As such, Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and the Class, to disgorge the profits Defendant has made, and to enjoin Defendant from continuing to violate the Unfair Competition Law or violating it in the same fashion in the future. Otherwise, the Class may be irreparably harmed and denied an effective and complete remedy if such an Order is not granted.

## FIFTH CAUSE OF ACTION
### (Violation of the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*)

67.    Plaintiff incorporates each and every allegation contained in the paragraphs above as if rewritten herein.

68.    This cause of action is brought pursuant to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq*. (the "CLRA").

69.    Plaintiff and each member of the proposed Class are "consumers" within the meaning of Civil Code § 1761(d).

70.    The purchases of the Gift Cards by consumers constitute "transactions" within the meaning of Civil Code § 1761(e) and the Products constitute "goods" within the meaning of Civil Code § 1761(a).

71.    Defendant has violated, and continues to violate, the CLRA in at least the following respects:

      a. § 1770(5) pertaining to misrepresentations regarding the characteristics of goods—specifying that misleading representations regarding ingredients violate the CLRA; and

      b. § 1770(9) pertaining to goods advertised with the intent not to provide what is advertised.

72.    Defendant knew, or should have known, that Gift Cards in the state of California must be treated as a cash equivalent and that failing to do so violated consumer protection laws.

73.    The representations regarding the Gift Cards were made to Plaintiff and all members of the Class. Plaintiff relied on Defendant's anticipated compliance with the law, which formed a material basis for his decision to purchase the Gift Cards. Moreover, based on the very materiality of Defendant's misrepresentations reliance may be presumed or inferred for all members of the Class.

74.     Defendant carried out the scheme set forth in this Complaint willfully, wantonly, and with reckless disregard for the interests of Plaintiff and the Class, and as a result, Plaintiff and the Class have suffered an ascertainable loss of money or property.

75.     Plaintiff and the members of the Class request that this Court enjoin Defendant from continuing to engage in the unlawful and deceptive methods, acts and practices alleged above, pursuant to California Civil Code §1780(a)(2). Unless Defendant is permanently enjoined from continuing to engage in such violations of the CLRA, future consumers of Defendant's Products will be damaged by their acts and practices in the same way as have Plaintiff and the members of the proposed Class.

76.     In conjunction with the filing of this Complaint, Plaintiff served a CLRA demand pursuant to Civil Code § 1782 notifying Defendant of the conduct described herein and that such conduct was in violation of particular provisions of Civil Code § 1770. If Defendant fails to properly address and resolve Plaintiff's demand within thirty days of receipt, Plaintiff will amend his Complaint to seek damages under Civil Code § 1780.

## SIXTH CAUSE OF ACTION
### (Restitution Based On Quasi-Contract/Unjust Enrichment)

77.     Plaintiff incorporates each and every allegation contained in the paragraphs above as if rewritten herein.

78.     Defendant's conduct in enticing Plaintiff and the Class to purchase its Gift Cards with the expectation that they would be treated as the equivalent of cash is unlawful.

79.     Defendant took monies from Plaintiff and the Class by charging the credit card rate for gasoline in lieu of the cheaper cash rate and have been unjustly enriched at the expense of Plaintiff and the Class as result of its unlawful conduct alleged herein, thereby creating a quasi-contractual obligation on Defendant to restore these ill-gotten gains to Plaintiff and the Class.

80.   It is against equity and good conscience to permit Defendant to retain the ill-gotten benefits received from Plaintiff and Class members.

81.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the Class are entitled to restitution or restitutionary disgorgement in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

THEREFORE, Plaintiff, on behalf of himself and on behalf of the other members of the Class and for the Counts so applicable on behalf of the general public request an award and relief as follows:

A.    An order certifying that this action is properly brought and may be maintained as a class action, that Plaintiff be appointed Class Representative, and Plaintiff's counsel be appointed Lead Counsel for the Class.

B.    Restitution in such amount that Plaintiff and all members of the Class paid to purchase Defendant's Product or restitutionary disgorgement of the profits Defendant obtained from those transactions, for Causes of Action for which they are available.

C.    Compensatory damages for Causes of Action for which they are available.

D.    Other statutory penalties for Causes of Action for which they are available.

E.    Punitive Damages for Causes of Action for which they are available.

F.    A declaration and Order enjoining Defendant from charging credit card pricing when consumers use Shell Gift Cards for gasoline purchases.

G.    An Order awarding Plaintiff his costs of suit, including reasonable attorneys' fees and pre and post judgment interest.

H.     An Order requiring an accounting for, and imposition of, a constructive trust upon all monies received by Defendant as a result of the unfair, misleading, fraudulent and unlawful conduct alleged herein.

I.     Such other and further relief as may be deemed necessary or appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all causes of action or issues so triable.

DATED: January 10, 2024                    Respectfully submitted,

Michael D. Braun
**KUZYK LAW, LLP**
2121 Avenue of the Stars, Ste. 800
Los Angeles, California 90067
Telephone:  (213) 401-4100
Facsimile:   (213) 401-0311
Email:  mdb@kuzykclassactions.com

*Counsel for Plaintiff*